O’Neill, J.,
dissenting.
{¶ 54} Respectfully, I must dissent. I would hold that the uncodified language in the 2009 budget bill that extinguished the public school districts’ cause of action against the Ohio Department of Education (“ODE”) violates the constitutional prohibition on the passage of retroactive laws.
{¶ 55} The Retroactivity Clause, Article II, Section 28 of the Ohio Constitution, provides:
The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.
*372 {¶ 56} The majority’s conclusion that the Retroactivity Clause does not protect school districts created by the state ignores the plain language of the provision itself. The plain language of the Retroactivity Clause does not confer protection upon anyone. Article II, Section 28 of the Ohio Constitution is instead a restraint on the power of the General Assembly. It prohibits the legislature from passing laws that are retroactive. It really is that simple.
{¶ 57} In our system of government, the people possess all governmental power. In the constitutional distribution of power, the three branches of government have areas of overlapping power but none of the three branches is subordinate. Johnston v. Taulbee, 66 Ohio St.2d 417, 422, 423 N.E.2d 80 (1981), citing Hale v. State, 55 Ohio St. 210, 213-214, 45 N.E. 199 (1896). The legislative branch decides what the law will be, the executive branch applies the law, and the judiciary interprets the law. As we explained in Bartlett v. State, the General Assembly “cannot annul, reverse, or modify a judgment of a court already rendered, nor require the courts to treat as valid laws those which are unconstitutional. If this could be permitted, the whole power of the government would at once become absorbed and taken into itself by the Legislature.” 73 Ohio St. 54, 58, 75 N.E. 939 (1905).
{¶ 58} As the Tenth District pointed out, this court has established the analysis required to determine whether the retroactive application of a statute violates the Retroactivity Clause. 2014-Ohio-3741, 18 N.E.3d 505, ¶ 26, citing State v. White, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 27. The first step is to determine whether the law was intended to apply retroactively. White at ¶ 27. The second step is to determine whether the statute is remedial or substantive. Id. And if the statute is substantive, retroactive application of the statute is forbidden. Id.
{¶ 59} In White, this court reiterated that if a statute affects an accrued substantive right, the statute is substantive. Id. at ¶ 34. Again, we need look no further than one of this court’s own decisions. In State ex rel. Kenton City School Dist. Bd. of Edn. v. State Bd. of Edn., 174 Ohio St. 257, 260-262, 189 N.E.2d 72 (1963), this court determined that the school-funding statute at issue in that case, R.C. 3317.02, created a right that was not affected by the subsequent amendment of the statute. Accordingly, the district was entitled to the school-funding formula guaranteed by the statute. And most importantly, the district was entitled to enforce the statutory formula by a writ of mandamus. Id. at 262-■263.
{¶ 60} As this court thoroughly and eloquently explained in State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, protecting the borders separating the three branches of government preserves the integrity and harmony of the government as a whole. Id. at ¶ 42-49. Despite the challenge of *373 navigating the boundaries between interdependence and independence of the three branches, we must be vigilant against provisions of law that impermissibly threaten the integrity of the judiciary. Id. at ¶ 50-53.
Bricker & Eckler, L.L.P., Nicholas A. Pittner, James J. Hughes III, Susan B. Greenberger, and Jennifer A. Flint, for appellees Toledo City School District Board of Education, Dayton City School District Board of Education, and Cleveland Metropolitan School District Board of Education.
Marshall & Marshall, L.L.C., and Amy M. Natyshak, for appellee Toledo City School District Board of Education.
Jyllian R. Guerriero, for appellee Dayton City School District Board of Education.
{¶ 61} The simple fact is that for fiscal years 2005 through 2007, the validly enacted ADM formula provided the sole means for ODE to distribute funds to public schools. Unlike current law, the law in effect for fiscal years 2005 through 2007 provided no departmental discretion to modify the statutory formula, yet that is what the department did. There is nothing any of the three branches of government can do to change what the law was at the time these funds were wrongfully withheld from public schools. It is the role of the judiciary to interpret the law and to order the state to comply with the law. The uneodified language at issue here works to legislatively extinguish the public schools’ causes of action under the validly enacted statutory school-funding formula. In so doing, the General Assembly has retroactively eliminated a substantive right and impermissibly encroached upon the role of the judiciary.
{¶ 62} This is not an action for punitive damages or an action to otherwise feather the nests of the districts. This action seeking a writ of mandamus and equitable restitution is a means for the public school districts to recover public dollars. Mandamus is one of the means by which courts force governmental actors to comply with the law.
{¶ 63} The framers of the Ohio Constitution were absolutely clear about who the Retroactivity Clause applies to. It applies to the legislature. Clearly, the Ohio legislature has the constitutional authority to adjust school-funding statutes prospectively. However, it is the province of the courts to interpret and apply the law as enacted. It is beyond dispute that the legislature is without the constitutional authority to retroactively “adjust” the school-funding statutes in order to extinguish a public school district’s substantive ability to enforce a validly enacted statute. I dissent.
Lanzinger, J., concurs in the foregoing opinion.
*374 Wayne J. Belock, for appellee Cleveland Metropolitan School District Board of Education.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Hannah C. Wilson, Deputy Solicitor, and Todd R. Marti, Assistant Attorney General, for appellants.
Scott, Scriven & Wahoff, L.L.P., Patrick J. Schmitz, and Derek L. Towster, urging affirmance for amici curiae Ohio School Boards Association, Buckeye Association of School Administrators, Ohio Association of School Business Officials, Ohio Education Association, and Ohio Federation of Teachers.
Peck, Shaffer & Williams, Thomas A. Luebbers, and Michael T. Dean, urging affirmance for amicus curiae County Commissioners Association of Ohio.